## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW MEXICO

PATRICIA THOMPSON,

      Plaintiff,

v.                                      No. 1:16-cv-00924

AVON PRODUCTS, INC.; THE TRAVELERS
COMPANIES, dba Travelers Insurance Company;
GE CAPITAL FLEET SERVICES dba Gelco Corporation;
and YET-TO-BE IDENTIFIED BUSINESS
ENTITY(IES) AND/OR INDIVIDUAL(S),

      Defendants.

## NOTICE OF REMOVAL

Defendant Travelers Property Casualty Company of America ("Travelers") erroneously designated in the Complaint as The Travelers Companies, d/b/a Travelers Insurance Company, hereby gives notice of the removal to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the above-captioned action, formerly pending in the District Court for the First Judicial District, County of Rio Arriba, State of New Mexico, as No. D-117-CV-2016-00221. Travelers files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. Travelers bases this removal on the following grounds:

**I.      THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT.**

On June 24, 2016, Plaintiff Patricia Thompson filed her "Complaint for Bad Faith Breach of Contract and the Covenant of Good Faith and Fair Dealing, Tortious Interference with Contract, Intentional Infliction of Emotional Distress, Negligence, Breach of Contract and Duty to Third Party Beneficiary, *Prima Facie* Tort, Promissory Estoppel and Unjust Enrichment, Fraudulent Misrepresentation and Concealment, Insurance Bad Faith and Violation of the New Mexico Unfair Insurance Practice Act, Violation of the New Mexico Unfair Trade Practices Act,

Civil Conspiracy and for Punitive Damages and Injunctive Relief" in New Mexico State Court, naming Travelers as a defendant. A copy of the Complaint is attached to this Notice as Exhibit 1.

On July 18, 2016, the Superintendent of Insurance accepted service on behalf of Travelers. *See* Exhibit 2, attached hereto. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of the date of service. No responsive pleadings to the Complaint have been filed in the state court action.

Travelers files this Notice of Removal with this Court, and is filing a copy of the Notice of Removal in the First Judicial District Court of the State of New Mexico and serving a copy upon counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

## II.     BASIS FOR JURISDICTION UNDER 28 U.S.C. §§ 1332(a) AND 1441.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A.     The Citizenship of the Parties is Completely Diverse.

According to the allegations of the Complaint, Plaintiff is a resident of Rio Arriba County, New Mexico. Complaint, ¶ 1.

Travelers Property and Casualty Company is the insurance company that issued the policy at issue in this case. Plaintiff's Complaint accurately alleges that Travelers is a "foreign corporation" and states that its principal office in New York.  Complaint, ¶ 3. In fact, Travelers Property and Casualty Company is a Connecticut corporation with principal place of business in Connecticut.  Travelers is thus a citizen of Connecticut for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

Plaintiff's Complaint alleges that Defendant GE Capital Fleet Services dba GELCO Corporation ("GELCO") is a Minnesota corporation. *See* Complaint, ¶ 4. Documentation from the Office of the Minnesota Secretary of State confirms that GELCO is a Minnesota corporation with its principal place of business in Minnesota. GELCO is thus a citizen of Minnesota for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

Defendant Avon Products, Inc. ("Avon") is a New York corporation with its principal place of business in New York, as documented by the New York State Department of State Division of Corporations online database. *See* Exhibit 3, attached hereto. The Restated Certificate of Incorporation of Avon Products, Inc., downloaded from Avon's website, confirms that Avon is a New York corporation with its principal place of business in New York. *See* Exhibit 3, attached hereto. Avon is thus a citizen of New York for diversity purposes. 28 U.S.C. § 1332(c)(1).

The only other defendants identified in this action are "Yet-to-be-Identified Business Entity(ies) and/or Individual(s)." Unnamed defendants do not defeat diversity for purposes of removal. 28 U.S.C. §1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006) ("we join those other circuits in holding, consistent with the text of 28 U.S.C. § 1441(a), that the citizenship of 'John Doe' defendants should be disregarded when considering the propriety of removal under 28 U.S.C.§§ 1441(a) and 1332.").

Therefore, because Plaintiff is a citizen of New Mexico and Defendants are citizens of Connecticut, Minnesota and New York, the controversy between Plaintiff and Defendants is between citizens of different states, and there is complete diversity in this matter.

**B.      The Amount in Controversy Exceeds $75,000.**

The amount in controversy exceeds the sum or value of $75,000 required to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a). In the Complaint, Plaintiff claims that she was permanently injured as a result of an underinsured motorist accident in 2014. Complaint, ¶¶ 12, 17. Plaintiff claims that Avon initially provided her a company car with uninsured motorist coverage "with a limit of at least $300,000.00 per accident," and then later removed uninsured motorist coverage from its policy. Complaint, ¶¶ 6, 13. Plaintiff now seeks $300,000 in damages. Complaint, ¶ 59 ("Defendants are therefore estopped from refusing to afford Ms. Thompson the full benefit of $300,000.00 in underinsured motorists coverage for the damages she has sustained as a consequence of the subject collision."). Plaintiff also alleges that she is entitled to punitive damages. *See, e.g.* Complaint, ¶ 64. The calculation of the amount in controversy includes both compensatory and punitive damages. *See, e.g. Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1992). Juries in New Mexico, this Circuit and elsewhere have awarded large punitive damages sums against insurance companies in cases involving allegations of bad faith. *See, e.g. Capstick v. Allstate Ins. Co.*, 998 F.2d 810 (10th Cir. 1993) (jury awarded $2 million for alleged bad faith refusal to pay total-loss automobile insurance claim); *Burge v. Mid-Continent Casualty Co.*, No. 92-5973 (a 1998 jury verdict in New Mexico Second Judicial District Court of $957,400 for breach of contract, unfair claim practices and insurance bad faith); *Buzzard v. Farmers Ins. Co., Inc.*, 824 P.2d 1105, 1114-15 (Okla. 1991) (jury awarded $2 million in punitive damages for alleged bad faith refusal to pay an underinsured motorist claim). Count VII of Plaintiff's Complaint alleges insurance bad faith.

4

Given the statement in Plaintiff's complaint demanding $300,000 and the history of much larger awards for similar claims in this and other jurisdictions, there is clearly more than $75,000 in controversy in the present case. Accordingly, Travelers has satisfied the jurisdictional amount threshold.

A review of the online docket in the state court action shows that neither co-defendant has filed a return of service and no attorney for either co-defendant has entered an appearance. The consent of the co-defendants is therefore not required for removal. *See Doe v. Sunflower Markets*, 831 F.Supp.2d 1276, 1279 (D.N.M. 2011) (removing defendants were not required to secure the consent of a co-defendant who had not filed a return of service at the time of removal, because removing defendants had no basis to conclude their co-defendant was a "served" defendant).

WHEREFORE, Defendant Travelers requests that this Court assume full jurisdiction over this case as provided by law.

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: *   /s/ Jennifer A. Noya*
Jennifer A. Noya
Emily Chase-Sosnoff
Post Office Box 2168
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87103-2168
Telephone: (505) 848-1800

*Attorneys for Defendant Travelers*

WE HEREBY CERTIFY that on this 12th day of August, 2016, we filed the forgoing electronically through the court's electronic filing system, which caused the following parties or counsel to be served by electronic mail:

Merit Bennett, Esq.
THE BENNETT LAW GROUP
460 St. Michael's Drive, Suite 703
Santa Fe, NM 87505
(505) 983-9834
mb@thebennettlawgroup.com
*Attorney for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.


By:   */s/  Jennifer A. Noya*
        Jennifer A. Noya

*W2765577.DOCX*

6