## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**PATRICIA THOMPSON,**

      **Plaintiff,**

**v.**                                  **CV 16-924 KBM/WPL**

**AVON PRODUCTS, INC.;**
**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA;**
**GELCO Corporation d/b/a GE CAPITAL**
**FLEET SERVICES ; and yet-to-be identified**
**Business Entity(ies) and/or Individuals,**

      **Defendants.**

**SECOND AMENDED COMPLAINT FOR BAD FAITH BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING, TORTIOUS INTERFERENCE WITH CONTRACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE, BREACH OF CONTRACT AND DUTY TO THIRD PARTY BENEFICIARY, *PRIMA FACIE* TORT, PROMISSORY ESTOPPEL AND UNJUST ENRICHMENT, FRAUDULENT MISREPRESENTATION AND CONCEALMENT, INSURANCE BAD FAITH AND VIOLATION OF THE NEW MEXICO UNFAIR INSURANCE PRACTICES ACT, VIOLATION OF THE NEW MEXICO UNFAIR TRADE PRACTICES ACT, CIVIL CONSPIRACY AND FOR PUNITIVE DAMAGES AND INJUNCTIVE RELIEF**

      **COMES NOW** Plaintiff, Patricia Thompson, by and through her counsel, Merit Bennett of

The Bennett Law Group, and for her Amended Complaint against Defendants states as follows:

      1.      Plaintiff Patricia Thompson (hereinafter "Ms. Thompson") is a resident of Rio Arriba

County, New Mexico.

      2.      Defendant Avon Products, Inc., (hereinafter "Avon") is a New York corporation,

upon information and belief not licensed to do, yet doing, business in the State of New Mexico.  Said

Defendant is also the *de facto* owner, via its agent, Defendant GELCO Corporation dba GE Capital

Fleet Services (hereinafter "GELCO"), and the insured, of the subject vehicle (hereinafter the

"vehicle," "subject vehicle" or the "Avon vehicle") operated by Ms. Thompson when the subject claim set forth hereinbelow arose.

3.      Defendant Travelers Property Casualty Company of America, aka Travelers, (hereinafter "Travelers") is a foreign corporation with its principal office in New York and was, at all times herein, the insurance company which insured the Avon vehicle owned by GELCO and operated by Ms. Thompson.

4.      Defendant GELCO Corporation dba GE Capital Fleet Services (hereinafter "GELCO"),  is a Minnesota-based corporation and was, at all times herein, the owner of the Avon vehicle, pursuant to a fleet services contract with Avon.

5.      The "Yet-to-be-identified Business Entity(ies) and/or Individual(s)" (hereinafter also referred to individually and collectively as "Liable Defendants") are any unknown insurer(s) of the liability of Avon herein or the subject vehicle and/or any unknown employee(s), representative(s), subcontractor(s) and/or agent(s) of Avon and/or Travelers and/or GELCO who may be liable to Ms. Thompson for the wrongdoing described herein.

6.      At all times herein, Ms. Thompson was an employee of Avon until on or about April 15, 2015.  On or about the time of her hiring by Avon in September, 2010, Avon provided Ms. Thompson with the use of a vehicle owned by and leased from GELCO (the "Avon vehicle" or "vehicle") with which she was to utilize while conducting Avon's business.  Avon also provided and partially paid for the insurance coverage for said vehicle purchased from Travelers, which initially included uninsured motorist coverage with a limit of at least $300,000.00 per accident, and such accommodation constituted a promise by Avon to Ms. Thompson that the vehicle would always be covered with uninsured/underinsured motorist insurance protection purchased by Avon with a limit

2

of at least $300,000.00, in order to protect Ms. Thompson from uninsured/underinsured motorists who may cause her to suffer injury and consequent financial and other harm.   At all times after agreeing to drive Avon's vehicle during her conduct of Avon's business, Ms. Thompson reasonably believed that Avon, Travelers and/or GELCO continued to maintain uninsured/underinsured motorist coverage on said vehicle at the initial level represented to her.   Avon, Travelers and GELCO owed Ms. Thompson a duty to inform Ms. Thompson of any change in or loss of said coverage, so that Ms. Thompson could acquire comparable substitute coverage.

7.     In  fact, Defendant Avon created a higher standard of care for what insurance coverage would be maintained for its employees when Avon offered Plaintiff and those employees similarly situated to Plaintiff a choice between utilizing one of Defendant's vehicles with full coverage and maintenance for $135 per month deducted from Ms. Thompson's paycheck, or Ms. Thompson could use her own automobile.  In order to use her own vehicle, Ms. Thompson would have been required to have had the same limits of automobile insurance coverage and own and maintain a vehicle  that was no more than two years old, with no more than 20,000 miles of use. All employees agreed that this second choice was a false choice, as an employee would quickly drive too many miles for their vehicle to qualify for coverage.  This made this second "option" untenable. Therefore, Ms. Thompson was essentially forced to make the choice to either accept the company car, believing it had certain limits of uninsured motorist coverage, or to not be employed by Avon. In other words, Avon forced her to accept its car with it represented limits of uninsured motorist coverage, but then later unilaterally reduced the coverage without informing Ms. Thompson. This tactic is known as "bait-and-switch." Knowing that the Avon car Ms. Thompson utilized was covered by adequately high limits of coverage is one of the primary reasons why Ms. Thompson

made the decision to be employed by Avon and utilize Avon's vehicle. Had Ms. Thompson known that Avon would later be dropping her vehicle's uninsured motorist coverage without her knowledge or permission, she would have either paid for substitute uninsured motorist coverage herself or left the employ of Avon.

8.      When Ms. Thompson had any issues with the car, she was directed by Avon to call GE Capital Fleet Services (GELCO) to repair or maintain the vehicle.

9.      During her employment with Avon, Ms. Thompson often worked seven days a week and then often 13-14 hours a day, and virtually all of her work involved travel in the company vehicle.

10.     On or about August 10, 2012, Ms. Thompson's training manager, Ruth Gomez, asked Ms. Thompson to take over utility payments for Avon's training center.  Ms. Gomez stated that this was only temporary and that Ms. Thompson would be reimbursed. To date, even after her termination, Ms. Thompson is still paying for these monthly utility bills, despite after asking Avon repeatedly to take over these payments and reimburse Ms. Thompson.  Avon has remained silent and has refused to comply. To date, Ms. Thompson is still receiving these bills and paying them in order to not jeopardize her good credit.

11.     On or about October 15, 2014, while engaged in the employ of Avon, Ms. Thompson was injured in Santa Fe County when the Avon vehicle she was operating was struck by a vehicle negligently operated by Donald Smith ("Mr. Smith"). This accident left Ms. Thompson permanently disabled and unable to continue to work for Avon, resulting in Avon's unilateral termination of her employment with Avon.

12.     Upon settlement of her claim against Mr. Smith for the $25,000.00 limits of his available coverage, Ms. Thompson applied to Avon's (and therefore also to her) insurer, Defendant Travelers, for additional compensation pursuant to Travelers' underinsured motorist coverage purchased by Avon to protect its drivers, specifically such as Ms. Thompson, from any damages they might sustain in motor vehicle collisions caused by underinsured motorists, such as has occurred in this case.

13.     To Ms. Thompson's shock and surprise, Travelers denied underinsured ("UIM") coverage to Ms. Thompson, stating that, effective as of June 1, 2014 (four and one-half months before the subject collision), **"Our insured [Avon] has rejected the UIM claim in reference to Ms. Thompson"** ... because ... **"Avon's Commercial Auto Policy delete[d] New Mexico Underinsured/Uninsured motorist coverage off the policy as of 7/14/14."** *See* attached email correspondence from Travelers dated January 26, 2016, along with its attached Change Endorsement:

> **"New Mexico - Rejection of Uninsured Motorists Coverage,"** which states:
> **This endorsement serves as verification that the Named Insured [Avon] was offered Uninsured Motorists Coverage at a limit equal to the policy liability limit and the Named Insured has elected in writing to reject Uninsured Motorists coverage in a limit equal to the policy liability limit [as required by New Mexico law].** *See* **Exhibit A** attached hereto and incorporated herein.

14.     However, in contravention of New Mexico law, neither Travelers nor GELCO ever procured a signed waiver of UIM coverage from Avon, and certainly no signed waiver was procured by Travelers, GELCO or Avon from Ms. Thompson, the driver who had been promised by Avon full insurance coverage of the vehicle, to include uninsured/underinsured motorist coverage with limits of at least $300,000.00, and who was an intended third-party beneficiary and co-insured of Avon's UIM policy issued by Travelers to GELCO.   (Nor was the fact nor effect of such a waiver

5

ever explained to Ms. Thompson by either Avon, GELCO or Travelers.)  Should Travelers be able

to produce a waiver signed by Avon and/or GELCO, then Avon and/or GELCO have also assumed

full responsibility for Ms. Thompson's injuries, up to and including at least $300,000.00, less an

offset of the liability carrier's coverage in the amount of $25,000.00.

15.     Avon breached its employment contract and terms of Ms. Thompson's agreement to

use the company vehicle and pay monthly for said vehicle by failing to notify any of its drivers in

New Mexico, including specifically Ms. Thompson, that Avon (or GELCO) had waived uninsured

motorist insurance coverage for all of the vehicles operated by Avon's employees, including

specifically Ms. Thompson, and/or by failing to notify Ms. Thompson of the consequence of such

waiver to Ms. Thompson personally should she be involved in an automobile collision with an

uninsured or underinsured motorist.  Avon had no other insurance policy in place to provide

protection to its drivers in lieu of UIM auto insurance coverage, even thought the majority of time

spent on the job for many of its employees is spent traveling in their company vehicles.  Said breach

of contract has therefore caused Ms. Thompson to suffer the damage and harm alleged herein.

16.     Further, when Avon allegedly waived UM/UIM coverage for all of its New Mexico

employees without their knowledge, it did not reduce the payments made to Avon by its employees

for their company vehicles, but instead increased said payments, thereby becoming unjustly

enriched. As a direct and proximate result of said collision, Ms. Thompson suffered physical injury

and other consequential damages.

17.     As a direct result of the automobile collision, which occurred while Ms. Thompson

was acting in the course and scope of her employment with Avon, Ms. Thompson has incurred and

suffered and will continue to incur and suffer, among other things, medical expenses, pain and

suffering, loss of enjoyment of life, permanent physical impairment and economic loss, to include the loss of her employment with Avon.    Further, Ms. Thompson has continued to be held responsible for paying out-of-pocket expenses for Avon's Training Center in Santa Fe, even after being terminated from her employment with Avon. Ms. Thompson made these payments in good faith, believing she would be reimbursed through Avon's promised underinsured motorist coverage.

18.    Pursuant to the New Mexico Mandatory Financial Responsibility Act, NMSA 1978 Section 66-5-201, *et seq.*, and *Raskob v. Sanchez*, 126 NM 394, 970 P.2d 580 (1988), Travelers, as Avon's (and Ms. Thompson's) automobile insurer, is liable to Ms. Thompson for her resulting damages.

19.    Pursuant to the New Mexico Unfair Insurance Practices Act, N.M.S.A. 1978, Section 59A-16-20, and *Hovet v. Lujan and Allstate*, 133 NM 611, 66 P.3d 980 (Ct.App. 2003), Ms. Thompson hereby makes a claim for third-party bad faith and punitive damages against Travelers, Avon and GELCO for their respective failures to provide underinsured motorist coverage for Ms. Thompson reasonably and in good faith and for their failure to insure that Ms. Thompson was given full and fair warning that Avon and/or Travelers and/or GELCO was cancelling her vehicle's UIM coverage, in order to enable Ms. Thompson to acquire alternate UIM coverage or to enter into a separate contract with Travelers for replacement UIM coverage.

**COUNT I**
**Bad Faith Breach of Contract** and **Breach of the Covenant of Good Faith and Fair Dealing**
**(Against Defendant Avon)**

7

20.     Plaintiff incorporates and re-alleges Paragraphs 1 through 19 above as if fully set forth herein.

21.     Ms. Thompson was employed by Avon, pursuant to a contract of employment that required Avon to provide uninsured/underinsured motorist coverage on the vehicle utilized by Ms. Thompson while engaged in the course and scope of her employment with Avon.   There was also implied in said contract of employment with Avon a covenant of good faith and fair dealing which required Ms. Thompson to be treated fairly and with respect and in accordance with state and federal law and public policy.  This contract and covenant were both breached by Avon as described above, when Avon unilaterally terminated the uninsured/underinsured motorist coverage on the vehicle driven by Ms. Thompson, without providing advance and/or informed notice to Ms. Thompson, while she was engaged in the course and scope of her employment with Avon, which insurance coverage was an integral part of her employment agreement with Avon, thereby entitling Ms. Thompson to recover from Defendant Avon all of her damages resulting from the subject collision.

22.     Avon's breach of Ms. Thompson's contract of employment and its implied covenant of good faith and fair dealing was intentional, willful, malicious, reckless, wanton, grossly negligent and/or deliberately indifferent to her rights and feelings and was accomplished in bad faith, thereby entitling her to an additional award of punitive damages.

23.     As a direct result of Avon's breach of her employment contract and its covenant of good faith and fair dealing, Ms. Thompson has suffered and will continue to suffer economic damages and severe and extreme emotional distress, as well as other related damages.

**WHEREFORE**, on Count I, Ms. Thompson requests that judgment be entered against Avon, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

**COUNT II**
**Tortious Interference with Contract of Employment**
**(Yet-to-be Identified Avon Agents and/or Employees of**
**Avon and/or Travelers and/or GELCO)**

24.     Plaintiff incorporates and  re-alleges Paragraphs 1 through 23 above as if fully set forth herein.

25.     Ms. Thompson had a contract of employment with Avon of which one or more of the individual Defendants and/or Travelers Insurance procured its breach by effectuating a waiver of uninsured/underinsured motorist coverage under the Travelers Insurance Policy in New Mexico for employees of Avon, such as Ms. Thompson, without prior notice to Avon's employees such as Ms. Thompson (or without adequate explanation of the significance of such waiver) to afford them with an opportunity to procure comparable replacement coverage, leaving Avon's employees, and specifically Ms. Thompson, exposed to irreparable harm during the performance of their employment duties without any recourse for remunerative compensation.

26.     These Defendants therefore breached their duty to Ms. Thompson to not interfere with her contract of employment, through any artifice or means whatsoever.

27.     These Defendants are therefore jointly and severally liable to Ms. Thompson for the consequences of their tortious misconduct, to include specifically the damage suffered by Ms. Thompson as a result of the subject collision.

28.     These Defendants' interference with Ms. Thompson's contract was intentional, willful, malicious, reckless, wanton, grossly negligent and/or deliberately indifferent to Ms.

9

Thompson's rights and feelings, thereby entitling Ms. Thompson to an additional award of punitive damages.

29.    As a result of these Defendants' tortious interference with Ms. Thompson's employment contract, Ms. Thompson has suffered and will continue to suffer economic damages and severe and extreme emotional distress, as well as other related damages.

**WHEREFORE**, on Count II, Ms. Thompson requests that judgment be entered against Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

**COUNT III**
**Intentional Infliction of Emotional Distress**
**(All Defendants)**

30.    Plaintiff  incorporates and re-alleges Paragraphs 1 through 29 above as if fully set forth herein.

31.    The Defendants intended (or acted with reckless indifference for the consequences of their acts and/or omissions) and/or knew or should have known that their acts and/ot omissions as described above would cause Ms. Thompson to suffer severe and extreme emotional distress.

32.    As a result of this infliction of emotional distress upon Ms. Thompson by the Defendants, Ms. Thompson has suffered embarrassment, humiliation, loss of her preferred career, economic damages and severe and extreme emotional distress, for which the Defendants are jointly and severally liable to Ms. Thompson.

33.    This infliction of emotional distress upon Ms. Thompson was undertaken intentionally, willfully, maliciously, recklessly, wantonly and/or with gross negligence and/or with

10

deliberate indifference to her rights and feelings, thereby entitling her to an additional award of punitive damages.

**WHEREFORE**, on Count III, Ms. Thompson requests that judgment be entered against all Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

### COUNT IV
### Negligence
### (Defendants Avon, GELCO and Travelers)

34.     Plaintiff  incorporates and re-alleges Paragraphs 1 through 33 above as if fully set forth herein.

35.     Defendants Avon, GELCO and Travelers all owed Ms. Thompson duties to insure that she and the motor vehicle she was operating were insured with adequate uninsured/underinsured motorist insurance coverage to protect Ms. Thompson against the misconduct of the drivers of other vehicles while Ms. Thompson was employed by and engaged in the business of Defendant Avon on the roadways of New Mexico and/or to insure that Ms. Thompson was fully advised of any changes in such automobile insurance coverage and/or of the effect of such changes which could or would adversely affect her ability to receive compensation for any damages resulting from any injuries she might sustain in an on-the-job motor vehicle collision in the event the liable driver was uninsured or underinsured.  By failing to maintain the uninsured/underinsured motorist insurance coverage that was in place at the outset of her employment with Defendant Avon and/or by failing to provide her with notice of the cancellation of said insurance coverage and/or the effect of such cancellation, said Defendants breached such duties.   Said breaches of duties were a proximate cause of Ms.

Thompson's damages claimed herein against said Defendants, and said breaches of duties were accomplished by one or both of said Defendants intentionally, willfully, maliciously, recklessly, wantonly and/or with gross negligence and/or with deliberate indifference to her rights and feelings, thereby entitling her to an additional award of punitive damages.

**WHEREFORE**, on Count IV, Ms. Thompson requests that judgment be entered against Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

### COUNT V
### Breach of Contract/ Duty to Third Party Beneficiary
### (Defendants Avon, Travelers and GELCO)

36.    Plaintiff  incorporates and re-alleges Paragraphs 1 through 35 above as if fully set forth herein.

37.    Defendants entered into an express contract to provide liability and uninsured motorist coverage to Plaintiff. Ms. Thompson was a third party beneficiary of the auto insurance policy issued by Defendant Travelers to Defendant Avon, which covered the subject vehicle owned by GELCO. All Defendants knew and intended that Plaintiff would benefit from the contract and Plaintiff would be harmed by any breach of the contract by any Defendant.

38.    Defendants Travelers, Avon and GELCO therefore owed a duty to Ms. Thompson to insure that said insurance policy at all times was in force for the benefit and protection of Ms. Thompson as a third party beneficiary, to include a duty to provide advance notice to Ms. Thompson when any change in such insurance policy was to be made and of the effect of any such change which could in any way be to the detriment of the interests of Ms. Thompson.

12

39.     These Defendants therefore breached such contract and duties therein when one or both of them caused, ratified or acquiesced to the deletion of the uninsured/underinsured motorist coverage benefit from said insurance policy without providing Ms. Thompson with prior written notice of said deletion or prior written notice of the consequence of said deletion to Ms. Thompson's best interests.

40.     This/these breaches were accomplished by these Defendants intentionally, willfully, wantonly, maliciously, recklessly, and/or with gross negligence and/or deliberate indifferent to Ms. Thompson's rights and feelings and was/were accomplished in bad faith, thereby entitling her to an additional award of punitive damages. Plaintiff suffered damage as direct and proximate result of these breaches.

**WHEREFORE**, on Count V, Ms. Thompson requests that judgment be entered against Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

**COUNT VI**
***Prima Facie* Tort**
**(All Defendants)**

41.     Plaintiff incorporates and re-alleges Paragraphs 1 through 40 above and 44-66 below, as if fully set forth herein.

42.     The actions/inactions of Defendants described above and/or below caused Ms. Thompson to suffer harm and damage for which all of the Defendants are jointly and/or severally

13

liable.

43.     This harm and damage inflicted upon Ms. Thompson were undertaken intentionally, willfully, maliciously, recklessly, wantonly and/or with gross negligence and/or with deliberate indifference to her rights and feelings, thereby entitling her to an additional award of punitive damages.

**WHEREFORE**, on Count VI, Ms. Thompson requests that judgment be entered against Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

### COUNT VII
### Insurance Bad Faith and Violation of the New Mexico Unfair Insurance Practices Act
### (Defendant Travelers and Liable Defendants)

44.     Plaintiff  incorporates and re-alleges Paragraphs 1 through 43 above as if fully set forth herein.

44.     Travelers and other of the Liable Defendants knew that Plaintiff was the sole operator of the vehicle owned by Avon and which vehicle was involved in the subject collision.

45.     Despite such knowledge, Travelers and one or more of the Liable Defendants (Travelers' agent(s), representative(s) and/or employee(s)), discontinued UIM coverage on the subject vehicle without providing Plaintiff (1) with either prior notice of such discontinuance of coverage or (2) a description of the potential effect of such discontinuation should Plaintiff be injured in an automobile collision by an uninsured or underinsured motorist while engaged in the course and scope of her employment with Avon.   Travelers and the Liable Defendant(s) owed a duty to Plaintiff to make such disclosures, yet failed to do so.

14

46. Either or both of such failures constitute the tort of insurance bad faith as prohibited by New Mexico case law and/or violation(s) of the New Mexico Unfair Insurance Practices Act, NMSA 1978, Section 59A 16 20, which reads, in part, as follows:

Unfair claims practices defined and prohibited.

Any and all of the following practices with respect to claims, by an insurer or other person, knowingly committed or performed with such frequency as to indicate a general business practice, are defined as unfair and deceptive practices and are prohibited:
...

C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies ...

E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear ...

G. compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;

N. failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

43. Such failures have caused Plaintiff to suffer actual, compensatory, consequential and statutory damages and to incur attorneys' fees, for all of which Defendants Travelers and/or Liable Parties is/are liable.

47. Said harm and damage inflicted upon Ms. Thompson were undertaken by one or more of these Defendants intentionally, willfully, maliciously, recklessly, wantonly and/or with gross negligence and/or with deliberate indifference to her rights and feelings, thereby entitling her to an additional award of punitive damages.

**WHEREFORE**, on Count VII, Ms. Thompson requests that judgment be entered against Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT VIII
### Violation of the New Mexico Unfair Trade Practices Act
### (Defendants Avon, Travelers and GELCO)

48.     Plaintiff  incorporates and re-alleges Paragraphs 1 through 47 above as if fully set forth herein.

49,     The New Mexico Unfair Trade Practices Act, NMSA 1978, Section 57-12-1, *et seq*., among other things, makes it unlawful for a business such as Travelers, Avon or GELCO to make false or misleading statements in the ordinary course of their trade or in the regular course of commerce.

50.     Among other things, Avon,  Travelers and/or GELCO misled Ms. Thompson into believing that the Avon/GELCO vehicle she was operating was fully insured against the liability of uninsured/underinsured motorists who may cause Ms. Thompson to suffer injury, damage and/or financial harm while she was engaged in the course and scope of her employment with Avon.

51.     Avon's, GELCO's and Travelers' misconduct described above in fact caused Ms. Thompson to suffer injury, damage and financial harm in violation of the New Mexico Unfair Trade Practices Act, to include, but not limited to, in violation of NMSA 1978, Sections 57-12-2(D) and (E) and 57-12-3, entitling Ms. Thompson to recover from these Defendants, in addition to her common law and statutory remedies, treble damages and attorney's fees pursuant to NMSA 1978, Section 57-12-10.

52.     Said harm and damage inflicted upon Ms. Thompson were undertaken by one or more of these Defendants intentionally, willfully, maliciously, recklessly, wantonly and/or with gross negligence and/or with deliberate indifference to her rights and feelings, thereby entitling her to an additional award of punitive damages.

**WHEREFORE**, on Count VIII, Ms. Thompson requests that judgment be entered against Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

### COUNT IX
### Civil Conspiracy
### (All Defendants)

53.     Plaintiff  incorporates and re-alleges all Paragraphs above and below, as if fully set forth herein.

54.     All Defendants and/or each one of them conspired with one or more of the other Defendants to commit one or more of the foregoing violations of law set forth in this Complaint.

55.     Such conspiracy(ies) have been accomplished through one or more overt acts as described above and/or below, and such have proximately caused Ms. Thompson to suffer harm, to include, but not limited to, the loss of her uninsured/underinsured motorist insurance entitlement, severe and extreme emotional distress, pain and suffering and other consequential damages.

56.     Said harm and damage inflicted upon Ms. Thompson were undertaken by one or more of these Defendants intentionally, willfully, maliciously, recklessly, wantonly and/or with gross negligence and/or with deliberate indifference to her rights and feelings, thereby entitling her to an additional award of punitive damages.

**WHEREFORE**, on Count IX, Ms. Thompson requests that judgment be entered against Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant(s), jointly and/or severally, upon each and every count set forth above for, wherever applicable, her actual and compensatory damages, for her future and other consequential damages, for punitive damages, for treble damages pursuant to the New Mexico Unfair Trade Practices Act and for attorneys' fees pursuant to the New Mexico Unfair Insurance Practices Act and/or the New Mexico Unfair Trade Practices Act, and for all other relief which the Court may deem to be just and proper in these circumstances.

## COUNT X
### Promissory Estoppel and Unjust Enrichment
### (All Defendants)

57.     Plaintiff incorporates and re-alleges Paragraphs 1 through 56 above as if fully set forth herein.

58.     Defendants made fraudulent promises, and through its control and domination of Ms. Thompson, caused such promises to be made: (a) that were material to transactions between Ms. Thompson and Defendanst; (b) that Defendants did not intend to perform; (c) that Defendant fraudulently intended Ms. Thompson to rely upon; (d) that Ms. Thompson reasonably relied upon; (e) that Defendants did not perform; (f) that Ms. Thompson's reliance upon was a substantial factor in causing damages to Plaintiff; and (g) that caused damage to Plaintiff and the unjust enrichment of the Defendants as described above.

18

59. The false promises consisted of at least promising Ms. Thompson at the outset that there would be high limits of coverage, including UM/UIM coverage at or over what Ms. Thompson would have been required to have on her own vehicle if she had chosen to use her own vehicle while employed at Avon.  Defendants are therefore estopped from refusing to afford Ms. Thompson the full benefit of $300,000.00 in underinsured motorists coverage for the damages she has sustained as a consequence of the subject collision and must disgorge all payments made by Ms. Thompson to Defendants which should have been applied to payment for the underinsured motorist coverage which should have been in effect at the time of the subject collision.

**WHEREFORE**, Plaintiff prays that judgment be entered for Plaintiff and against the Defendants, jointly and/or severally, for the following: compensatory damages, disgorgement of the net value realized by Defendants after ceasing to pay premiums for UM/UIM coverage for Ms. Thompson, punitive damages, pre-judgment interest and for all other relief which the Court may deem to be just and proper in these circumstances.

**COUNT XI**
**Fraudulent Misrepresentation and Concealment**
**(All Defendants)**

60.     Plaintiff  incorporates and re-alleges Paragraphs 1 through 59 above as if fully set forth herein.

61.     Defendants misrepresented and/or concealed from Plaintiff certain facts: (a) that Defendant had a duty to disclose; (b) that Defendants intentionally failed to disclose, that were material, and that Plaintiff could not have reasonably discovered; (c) that by concealing these facts, Defendants intended to deceive Plaintiff; (d) that Plaintiff relied upon Defendants not to conceal, and such reliance was reasonable under the circumstances; (e) that the concealments were a

19

substantial factor in causing damage to Plaintiff; and (f) that caused damages to Plaintiffs as described in paragraphs 1-60 above.

**WHEREFORE**,  Plaintiff prays that judgment be entered for Plaintiff and against the Defendants, jointly and/or severally, for the following: compensatory damages, disgorgement of the net value realized by Defendants after ceasing premiums for UM/UIM coverage for Ms. Thompson, punitive damages, pre-judgment interest and for all other relief which the Court may deem to be just and proper in these circumstances.

### COUNT XII
### For Punitive Damages and Injunctive Relief
### (All Defendants)

62.    Plaintiff  incorporates and re-alleges Paragraphs 1 through 61 above as if fully set forth herein.

63.    All of Defendants' aforesaid acts and/or omissions, whether committed jointly and/or severally, have been perpetrated willfully, wantonly and/or with reckless disregard for Ms. Thompson's rights and feelings.

64.    Ms. Thompson is therefore entitled to recover from Defendants, jointly and/or severally, in addition to her actual and compensatory damages, an appropriate amount for punitive damages, in order to punish Defendants for their egregious misconduct and/or to set an example for society and deter others from causing similar harm.

65.    Injunctive relief may also be appropriate in order to protect and/or compensate retroactively and/or prospectively those employees of Avon who may have already encountered or will encounter similar circumstances and harm resulting form Defendants' aforesaid misconduct.

66.     Plaintiff Thompson also reserves the right to expand this lawsuit into a class action should Plaintiff's investigation into Defendants' misconduct reveal harm to those employees of Avon with circumstances similar to those experienced by Ms. Thompson as set forth above.

**WHEREFORE**,  Plaintiff prays that judgment be entered for Plaintiff and against the Defendants, jointly and/or severally, for an appropriate amount of punitive damages, pre-judgment interest and for all other related relief, to include, but not limited to, injunctive relief, which the Court may deem to be just and proper in these circumstances.

Respectfully submitted,

THE BENNETT LAW GROUP

By:  */s/ Merit Bennett*
          Merit Bennett, Esq.
          460 St. Michael's Drive, Suite 703
          Santa Fe, New Mexico  87505
          (505) 983-9834
          *Attorney for Plaintiff*


APPROVED AS TO FORM BY:

MODRALL, SPERLING, ROEHL, HARRIS & SISKS, P.A.
Post Office Box 2168
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87103-2168
Telephone: (505) 848-1800
Attorney: Jennifer A. Noya
*Attorneys for Defendant Travelers*