IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA THOMPSON,

        Plaintiff,

v.                                      CIV 16-0924 KBM/WPL

AVON PRODUCTS, INC., THE TRAVELERS
COMPANIES, dba Travelers Insurance Company;
GE CAPITAL FLEET SERVICES, dba Gelco
Corporation; and Yet-To-Be Identified Business
Entitity(ies) and/or Individuals,

        Defendants.

## MEMORANDUM OPINION AND ORDER

       THIS MATTER comes before the Court on Defendant Avon Products, Inc.'s

("Avon's") Motion to Dismiss Plaintiff's Second Amended Complaint (*Doc. 32*), filed May

12, 2017. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have

consented to me serving as the presiding judge and entering final judgment. *Doc. 37*.

Having considered the parties' arguments and all pertinent authority, the Court will deny

the Motion.

## I.    BACKGROUND[1]

       Plaintiff was employed by Avon from September 2010 until April 15, 2015.

*Doc. 18* (Second Amended Complaint) at 2. Plaintiff was required to travel by car for

work. She was given the option of using an Avon company vehicle, owned by

---

[1] When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the non-movant. *Moffett v. Haliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002).

Defendant GE Capital Fleet Services, and insured for $300,000 for both liability and UM/UIM coverage by Defendant Travelers, or using her own vehicle. Plaintiff asserts this was "a false choice." If she chose to use of her own vehicle, she was required to meet a series of conditions: the vehicle was to be less than two-years-old with less than 20,000 miles, and carry insurance coverage to the same extent as a company vehicle. Understandably, Plaintiff chose to drive Avon's vehicle at a cost of only $135.00 per month.

Plaintiff was struck by an underinsured motorist while travelling for work in the company vehicle on October 15, 2014. The collision allegedly left Plaintiff permanently disabled and unable to continue working for Avon. Avon thereafter terminated her employment.

Plaintiff settled with the underinsured motorist for the amount of $25,000.00, the limits of his liability policy. [2] Plaintiff now contends that she is entitled to underinsured motorist coverage under the Travelers policy covering her work vehicle. New Mexico law permits such recovery where coverage is available, even where the injury arises out of a work-related automobile collision. *See Vasquez v. Am. Cas. Co. of Reading*, 389 P.3d 282, 284 (N.M. 2016) ("the WCA's exclusivity provision does not preclude an employee injured by a third-party motorist from retaining the difference between

---

[2] The Court notes that Plaintiff and Avon settled her workers' compensation claims for the amount of $125,000.00. *See Doc. 49-2*. Although the Court references this document, it has not converted Avon's Motion to one for summary judgment under Rule 12(d), as "facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment." *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) (citing 27A Fed. Proc., L. Ed. § 62:520 (2003)); *see also* Fed. R. Evid. 201; *see also, e.g.*, *Stone v. Whitman*, 324 F. App'x. 726, 728 (10th Cir. 2009). Moreover, the existence of a settlement agreement between Plaintiff and Avon, while relevant, is not material to the Court's analysis of the issue of remedy exclusivity.

uninsured motorist benefits and workers' compensation") (citations omitted); *see also* NMSA 1978, § 52-1-6(E) ("Nothing in the Worker's Compensation Act, however, shall affect or be construed to affect, in any way, the existence of or the mode of trial of any claim or cause of action that the worker has against any person other than his employer or another employee of his employer, including a management or supervisory employee, or the insurer, guarantor or surety of his employer.").

The problem, and the reason for this lawsuit, is that the coverage Plaintiff seeks to invoke was, at some point, rejected by Avon and, accordingly, omitted from the pertinent Travelers policy covering Plaintiff's work vehicle. Thus, there is no underinsured motorist coverage available to Plaintiff under the Travelers policy.

Plaintiff first asserts that Defendant Avon's rejection of this coverage was invalid under New Mexico law. Alternatively, Plaintiff argues that the rejection flies in the face of New Mexico law and public policy. Plaintiff brings numerous claims against Defendants as a result of the purported rejection: bad faith breach of contract and breach of the covenant of good faith and fair dealing, tortious interference with contract of employment, intentional infliction of emotional distress, negligence, prima facie tort, violations of the New Mexico Unfair Insurance Practice Act, violations of the New Mexico Unfair Trade Practices Act, civil conspiracy, promissory estoppel and unjust enrichment, and fraudulent misrepresentation and concealment. *See Doc. 18* at 7-20.

Avon now moves to dismiss Plaintiff's Complaint, arguing that the exclusivity provisions of the New Mexico Workers' Compensation Act ("WCA") bar her claims in their entirety. For the reasons set forth below, the Court respectfully disagrees.

## II.    LEGAL STANDARDS

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007)).

"The WCA immunizes employers who have complied with its provisions and their representatives from suit by employees arising from *most* workplace injuries." *Vasquez*, 389 P.3d at 284 (citing NMSA 1978, §§ 52-1-9, 52-1-6(E)[3]) (emphasis added). Indeed, the WCA provides the *exclusive* remedy for an employee against his employer where "at the time of the accident, the employee is performing service arising out of and in the course of his employment; and the injury or death is proximately caused by accident arising out of and in the course of his employment. . . ." NMSA 1978, § 52-1-9(B)-(C). Thus, in order for the exclusivity provisions of the WCA to apply, the worker must have "sustained a personal injury that was (1) accidental; (2) personal; and that (3) arose out of, and (4) in the course of her employment. . . . ." *Hernandez v. Home Educ. Livelihood Prog., Inc.*, 1982-NMCA-079, ¶ 8, 645 P.2d 1381, *cert. denied*, 648 P.2d 794 (Table); *see also Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1211 (10th Cir. 2006) (citing NMSA 1978, § 52-1-9)). "The absence of just one of these elements will destroy recovery under the [WCA], and remove it from its exclusivity provisions." *Hernandez*, 1982-NMCA-079, ¶ 8.

---

[3] "The Workers' Compensation Act provides exclusive remedies." NMSA 1978, § 52-1-6(E). "No cause of action outside the Workers' Compensation Act shall be brought by an employee or dependent against the employer or his representative, including the insurer, guarantor or surety of any employer, for any matter relating to the occurrence of or payment for any injury or death covered by the Worker's Compensation Act." NMSA 1978, § 52-1-6(E).

"'Arise out of' and 'in the course of' employment are two distinct requirements, and in workmen's compensation cases, they must co-exist; one without the other is not enough to bring a complaint within the compass of the Act." *Id.* ¶ 9 (citation omitted). "'Arise out of' relates to cause; 'in the course of' refers to the time, place and circumstances under which the injury occurred." *Id.* There appears to be little dispute that Plaintiff's physical and legal injuries occurred in the course of her employment. *See Doc. 18* at 4; *Schultz ex rel. Schultz v. Pojoaque Tribal Police Dept.*, 2014-NMCA-019, ¶ 8, 317 P.3d 866, 870-77 ("The term 'course of employment . . . relates to the time, place, and circumstances under which the accident takes place. . . .' We have stated before that 'an injury occurs in the course of employment when it takes place within the period of employment, at a place where the employee may reasonably be, and while the employee is reasonably fulfilling the duties of employment or doing something incidental to it.'") (citations omitted). The question is, therefore, whether Plaintiff's injuries arose out of her employment.

"Ordinarily, to show that an injury 'arises out of employment,' a party must show that the claimed injury 'resulted from a risk incident to [the] work itself or increased by the circumstances of the employment.'" *Fuerschbach*, 439 F.3d at 1211 (citing *Cox v. Chino Mines/Phelps Dodge*, 115 N.M. 335, 850 P.2d 1038, 1040 (1993)); *see also DerKevorkian v. Lionbridge Techs., Inc.*, 316 F. App'x 727, 735 (10th Cir. 2008) ("The 'arises out of' requirement 'refers to the origin or cause of an injury.' . . . An injury 'arises out of' employment when it has its origin in an employee's work-related functions and is sufficiently related to those functions to be considered part of the employee's employment contract.") (quoted authority omitted). Typically, accidents satisfying this

prong will include those occurring during acts the employer has instructed the worker to perform, acts incidental to the worker's assigned duties, or acts that the worker had a common law or statutory duty to perform. *Schultz*, 2014-NMCA-019, ¶ 8 (citations omitted).

Importantly, while "[t]he Workmen's Compensation Act provides the mechanism for recovery for personal injury; it does not establish a remedy for breach of contract." *Hernandez*, 1982-NMCA-079, ¶ 18. Accordingly, an action for breach of a contract relating to the conditions of employment falls outside the Act's exclusivity provisions. *See Segura v. Molycorp, Inc.*, 1981-NMSC-116, ¶ 16, 97 N.M. 13, 17, 636 P.2d 284, 288 ("Segura's claim is based on the alleged contract on representation regarding disability benefits, not on the disabling injury itself. In other words, the basis for Molycorp's liability is not Segura's injuries but its contractual obligation to pay disability benefits.").

### III.    ANALYSIS

Plaintiff's claims in this case seek to remedy the breach of a putative contract between herself and Avon – one that protected Plaintiff in the event of an accident with an underinsured motorist under the Travelers policy. That Plaintiff is suing Avon in an attempt to reinstate coverage for injuries suffered while working is irrelevant.

The New Mexico Supreme Court has clearly and unequivocally embraced the notion that an injured worker may retain the difference between the any benefits received under the WCA and those recovered under a UIM policy purchased by her employer. *See Vasquez*, 389 P.3d at 284; *Draper v. Mountain States Mut. Cas. Co.*, 1994-NMSC-002, ¶ 10, 116 N.M. 775, 778, 867 P.2d 1157, 1160 ("Section 52-5-17(C)

does not preclude an employee from retaining the difference between uninsured motorist benefits and workers' compensation benefits, notwithstanding that the employer has paid the premiums for each coverage."). That same Court has rejected the argument that such recovery is barred by the exclusivity provisions of the Act. *See Draper*, 1994-NMSC-002, ¶ 10 ("we find no merit in Mountain States's (sic) argument that Draper was indirectly suing his employer in contravention of the Act"). Thus, the Court is confident that the New Mexico Supreme Court would not bar suit against an employer and insurer where, as here, the actions of the employer and insurer have allegedly deprived the worker of otherwise reachable UIM benefits. *C.f. Federated Serv. Ins. Co. v. Martinez*, 529 F. App'x 954, 960 (10th Cir. 2013) (quoting *Marckstadt v. Lockheed Martin Corp.*, 2010-NMSC-001, ¶ 28, 228 P.3d 462, 472, for the proposition that "the New Mexico Supreme Court has expressly concluded that 'the question of the presence of UM/UIM coverage under an automobile liability policy is not a question of intent.'").

In its reply, Avon relies upon *James v. SCR Med. Transp., Inc.*, 2016 IL App (1st) 150358, 61 N.E.3d 1043. Recognizing that the case is merely persuasive, Avon nonetheless points to the similarities between that case and the one at bar. *See Doc. 49* at 4. The Court admits that the similarities between the cases are striking – in *James* the worker was involved in an on-the-job automobile accident with an underinsured motorist and settled with the other driver and his employer under the Illinois WCA, as did Plaintiff here. The employee then sued his employer and its insurer because the employer reduced its available uninsured motorist benefits from $1,000,000.00 to $50,000.00 prior to the collision, leaving nothing for the employee to recover. *Id.* ¶ 1.

The Illinois court rejected the worker's claims against his employer for three reasons: (1) his injury was suffered while at work and was therefore barred by the Illinois WCA; (2) the worker was estopped from asserting that his injury was not compensable under the Illinois WCA after accepted benefits under the Act; and, (3) the worker entered into a settlement release with his employer precluding further relief. *See id.* ¶ 13.

If the Court were applying Illinois law, then *James* would prove dispositive. However, the Court is applying New Mexico law, which appears to be more favorable to a worker seeking to recover uninsured motorist benefits where her injury is caused by an underinsured third-party. *C.f. Vasquez*, 389 P.3d at 286 (quoting *Draper*, 1994-NMSC-002, ¶ 10). Moreover, the reasons relied upon by the Illinois court to reject the worker's claim are distinguishable in the present matter. For one thing, the Illinois court assumed that the worker's injuries arose from his employment. However, the Court finds that Plaintiff's injury in this case – the inability to recover underinsured motorist benefits under the Travelers policy – did not "arise out of" her employment. To find otherwise would far too narrowly construe the term "injury" as it is understood in legal parlance. *See* INJURY, Black's Law Dictionary (10th ed. 2014) ("The violation of another's legal right, for which the law provides a remedy; a wrong or injustice."). While Plaintiff may ultimately be seeking to recover *damages* resulting from her automobile collision with the underinsured motorist, her *injury* in this case is not the underlying physical harm which prevents her from work but, rather, the fact that any UIM coverage for her work vehicle is unavailable.

This reason aside, only the worker's own "admissions" in accepting WCA benefits and stipulations in his settlement agreement with his employer supported the result in *James*. However, Avon has cited nothing indicating that New Mexico would prevent the recovery of UIM benefits after the acceptance of workers' compensation benefits (and in fact, New Mexico has held the opposite, as have other states).[4] And, contrary to the settlement agreement in *James*, Plaintiff's settlement agreement with Avon in this case explicitly reserves her right to bring the present lawsuit. *See Doc. 49-2* at 1-2; *c.f.*, *Garrity v. Overland Sheepskin Co. of Taos*, 1996-NMSC-032, ¶ 34, 121 N.M. 710, 719, 917 P.2d 1382, 1391.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant Avon Products, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (*Doc. 32*) is **denied**.

_____

UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent

---

[4] *See, e.g.*, *Miller v. State Farm Mut. Auto. Ins. Co.*, 993 A.2d 1049, 1056 (Del. 2010); *Stemple v. Maryland Cas. Co*, 144 P.3d 1273, 1278 (Kan. 2006); *Cincinnati Ins. Co. v. Samples*, 192 S.W.3d 311, 314 (Ky. 2006); *Miralles v. Snoderly*, 602 S.E.2d 534, 536 (W. Va. 2004); *Haman v. Maco Ins. Co.*, 86 P.3d 34, 35 (Mont. 2004); *Frazier v. St. Paul Ins. Co.*, 880 So. 2d 406, 410 (Ala. 2003); *Elam v. Hartford Fire Ins. Co.*, 42 S.W.3d 443, 451 (Ark. 2001); *Lieber v. ITT Hartford Ins. Ctr., Inc.*, 15 P.3d 1030 (Utah 2000); *Gardner v. Erie Ins. Co.*, 722 A.2d 1041, 1047 (Pa. 1999); *Conzo v. Aetna Ins. Co.*, 705 A.2d 1020, 1025 (Conn. 1998).