## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PATRICIA THOMPSON,

       Plaintiff,

v.                                     No. 1:16-cv-00924-KBM-JHR

AVON PRODUCTS, INC.; THE TRAVELERS
COMPANIES, dba Travelers Insurance Company;
GE CAPITAL FLEET SERVICES dba Gelco Corporation;
and YET-TO-BE IDENTIFIED BUSINESS
ENTITY(IES) AND/OR INDIVIDUAL(S),

       Defendants.

### JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on September 18, 2017 at 11:30

a.m. and was attended by:

| | |
|---|---|
| Merit Bennett, Esq. | For Plaintiff |
| THE BENNETT LAW GROUP | |
| 460 St. Michael's Drive, Ste. 703 | |
| Santa Fe, NM 87505 | |
| (505) 983-9834 | |
| mb@thebennettlawgroup.com | |

| | |
|---|---|
| Jennifer A. Noya, Esq. | For Defendant Travelers Property Casualty |
| Anna E. Indahl, Esq. | Company of America ("Travelers") |
| MODRALL, SPERLING, ROEHL, HARRIS | |
|   & SISK, P.A. | |
| P.O. Box 2168 | |
| Albuquerque, NM 87103-2168 | |
| (505) 848-1800 | |
| jnoya@modrall.com | |
| aindahl@modrall.com | |

Dan A. Akenhead, Esq.    For Defendant GE Capital Fleet Services
MILLER STRATVERT, P.A.   ("GELCO")
P.O. Box 25687
Albuquerque, NM 87125-0687
(505) 842-1940
dakenhead@mstlaw.com

James P. Sullivan      For Defendant Avon Products, Inc.
BRENNAN & SULLIVAN, P.A.  ("Avon")
128 East DeVargas
Santa Fe, NM 87501
(505) 995-8514
jamie@brennsull.com

## NATURE OF THE CASE

This case arises out of an October 15, 2014 automobile accident ("Accident"). Plaintiff was hit by an Uninsured/Underinsured motorist. Prior to the Accident, Avon, which was the named insured on the Travelers commercial insurance policy rejected Uninsured/Underinsured Motorist (UM/UIM) coverage on the vehicle that was driven by Plaintiff in the Accident. Plaintiff asserts that at the time of the Accident, she should have had UM/UIM coverage. Plaintiff seeks to recover damages from all Defendants for Tortious Interference with Contract of Employment, Intentional Infliction of Emotional Distress, Negligence, Breach of Contract, *Prima Facie* Tort, Fraudulent Misrepresentation, Insurance Bad Faith, Unfair Trade Practices Act, Civil Conspiracy, Promissory Estoppel and Unjust Enrichment, Fraudulent Misrepresentation and Concealment, and Punitive Damages on the theory that she was entitled to receive notice upon Avon's election to reject the UM/UIM coverage. Plaintiff also sues Avon for Bad Faith Breach of Contract, and Breach of the Covenant of Good Faith and Fair Dealing.

Defendants deny Plaintiff's claims of liability and damages.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:

Plaintiff(s) should be allowed until November 9, 2017 to move to amend the pleadings and until November 9, 2017 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant Travelers intends to file:   Nothing at this time, unless responsive to any amended pleadings by Plaintiff.

Defendant GELCO intends to file: Nothing at this time, unless responsive to any amended pleadings by Plaintiff.

Defendant Avon intends to file: Nothing at this time.

Defendants should be allowed until December 11, 2017 to move to amend the pleadings and until December 11, 2017 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: None.

The parties further stipulate and agree that the law governing this case is: New Mexico statutory and common law.

## PLAINTIFF'S CONTENTIONS:

Ms. Thompson was an employee of Avon until on or about April 15, 2015.  On or about the time of her hiring by Avon in September, 2010, Avon provided Ms. Thompson with the use of a vehicle owned by and leased by Avon from GELCO (the "Avon vehicle" or "vehicle") with which she was to utilize while conducting Avon's business.  Avon also provided and partially

3

paid for the insurance coverage for said vehicle purchased from Defendant Travelers, which initially included uninsured motorist coverage with a limit of $300,000.00 per accident, and such accommodation constituted a promise by Avon to Ms. Thompson that the vehicle would always be covered with uninsured/underinsured (UM) motorist insurance protection purchased by Avon with a limit of at least $300,000.00, in order to protect Ms. Thompson from uninsured/underinsured motorists.

At all times after agreeing to drive Avon's vehicle during her performance of Avon's business, Ms. Thompson reasonably believed that Avon, Travelers and/or GELCO would continue to maintain uninsured/underinsured motorist coverage on said vehicle at the initial level represented to her and that if there should be any change in the coverage, she would be so notified by Avon, Travelers and/or GELCO.  Avon, Travelers and GELCO owed Ms. Thompson a duty to inform Ms. Thompson of any change in or loss of said coverage, so that Ms. Thompson could acquire comparable substitute coverage.

Avon offered Plaintiff and those employees similarly situated to Plaintiff a choice between utilizing one of Defendant's vehicles with full coverage and maintenance for $135 per month deducted from Ms. Thompson's paycheck, or Ms. Thompson could use her own automobile. Travelers received this monetary benefit from Plaintiff and not from Avon, therefore Travelers owed Ms. Thompson a duty to ensure that Ms. Thompson was, at the very least, aware that her monthly payments to Travelers would no longer provide for her UM/UIM coverage. Ms. Thompson's premium to Traveler's did not change even after Avon rejected UM/UIM coverage without Ms. Thompson's knowledge. Travelers negligently failed to ask for any proof from Avon that it had informed the insured that she would no longer have UM/UIM coverage.

It was, in fact, compulsory that Ms. Thompson utilize Avon's vehicle with the promise that it would be fully-covered, inclusive of UM/UIM coverage.  In order to use her own vehicle,

Ms. Thompson would have been required to have had the same limits of automobile insurance coverage and own and maintain a vehicle that was no more than two years old, with no more than 20,000 miles of use. All employees agreed that this second choice was a false choice, as an employee would quickly drive too many miles for their vehicle to qualify for coverage. This made this second "option" untenable. Therefore, Ms. Thompson was essentially forced to make the choice to either accept the company car, believing it had certain limits of uninsured motorist coverage, or to not be employed by Avon. Avon therefore forced her to accept its car with its represented limits of uninsured motorist coverage, but then later Avon unilaterally reduced the coverage without informing Ms. Thompson.

Knowing that the Avon car Ms. Thompson utilized was covered by adequately high limits of coverage is one of the primary reasons why Ms. Thompson made the decision to be employed by Avon and utilize Avon's vehicle. Had Ms. Thompson known that Avon would later be dropping her vehicle's uninsured motorist coverage without her knowledge or permission, she would have either paid for substitute uninsured motorist coverage herself or left the employ of Avon.

Section 66-5-301 and 13.12.3.9 NMAC were designed to "expand insurance coverage to protect the public from damage or injury caused by other motorists who were not insured and could not make the impaired party whole." *Sandoval v. Valdez*, 91 N.M. 705, 707, 580 P.2d 131, 133 (Ct. App. 1978). The policy of expanding UM/UIM coverage is reflected in the plain language of Section 66-5-301(A) and (B), which mandates that all automobile liability policies shall include UM/UIM coverage for the persons insured under the liability policy. Section 66-5-301 does not explicitly address the manner in which the offer or rejection of UM/UIM coverage must take place. However, under the statute's plain language and the unambiguous policies embodied within it, certain implications can clearly be discerned. In order for the offer and

5

rejection requirements of Section 66-5-301 to effectuate the policy of expanding UM/UIM coverage, the insurer is required to meaningfully offer such coverage and the insured must knowingly and intelligently act to reject it before it can be excluded from a policy. *Romero v. Dairyland Insurance Company*, 111 N.M. at 156, 803 P.2d at 245 (1990). Thus, an offer of UM/UIM coverage could, in principle, be so inadequate or misleading as to render a rejection ineffective under the statute. Here, Ms. Thompson was also an insured under the policy and was paying said premiums, albeit indirectly through her employer. This ambiguity regarding who is the insured implicates various public policy concerns in favor of Plaintiff, and Travelers cannot escape liability by claiming that the subject policy was a "fleet policy," and therefore Travelers had no duty to Ms. Thompson.

## **DEFENDANT TRAVELERS' CONTENTIONS:**

As is outlined in more detail in Travelers' Motion for Summary Judgment, all of Plaintiff's claims against Travelers fail as a matter of law. At all times relevant to this case, Plaintiff was an employee of Avon Products, Inc. As part of her employment with Avon Products, Inc., Plaintiff elected to drive a vehicle which was owned by Defendant GELCO, and leased by Avon Products, Inc. Avon was the named insured on the commercial auto policy issued by Travelers. As its insurer, Travelers offered Avon uninsured motorists coverage in a meaningful way, and provided Avon with the premium costs for the available coverage. In May, 2014, Avon signed a selection form indicating that the UM coverage was rejected. The rejection of UM coverage was incorporated into the policy and unambiguously reflected on the policy declarations. After signing the Application in May, 2014 and through the time of the Accident, Avon never informed Travelers in writing that it wanted any change made to the UM/UIM

selection.  It is well-established law in New Mexico that the named insured has full authority to reject UM coverage.  The UM/UIM rejection is fully complaint with New Mexico law.

On or about October 15, 2014, Plaintiff was injured in an auto accident while she was driving the company vehicle.  Because prior to Plaintiff's accident, Avon performed a valid rejection of UM/UIM coverage under the policy, there was no UM coverage available to Plaintiff.

New Mexico law does not require an insurance company to receive a waiver from the owner of a fleet vehicle, or the driver of a fleet vehicle in order to obtain a valid UM rejection.  Instead, New Mexico law recognizes that a proper rejection of UM coverage by the named insured will be honored as to other persons who may be drivers of vehicles covered by the policy.  Likewise, New Mexico law does not require an insurance company to provide notice to the driver of vehicle that is insured under a commercial auto policy like the one in this case.  In several cases that have considered nearly identical situations, New Mexico courts have upheld the named insured's UM rejection.

Therefore, in this case there was no UM/UIM coverage available for the vehicle driven by Plaintiff at the time of the Accident.  Because New Mexico law recognizes a valid rejection of UM coverage by the named insured in cases with nearly identical facts as this one, Travelers is entitled to judgment as a matter of law as to all of Plaintiff's claims.

### **DEFENDANT GELCO'S CONTENTIONS:**

Defendant GELCO Corporation d/b/a GE Capital Fleet Services ("GELCO") entered into a Master Lease Agreement ("MLA") with Avon Products, Inc. ("Defendant Avon"), on March 22, 2006, for the limited purpose of leasing vehicles to Defendant Avon.  GELCO retained ownership of some of the vehicles it leased to Defendant Avon, pursuant to the terms of the MLA; however, GELCO was not Defendant Avon's agent.  GELCO denies that it owed Plaintiff

a duty to inform her of any change in or loss of uninsured or underinsured automobile insurance coverage ("UM/UIM") under the policy of automobile insurance issued by Defendant Travelers to Defendant Avon.  GELCO further denies that it owed Plaintiff a duty to procure a signed waiver of UM/UIM coverage relevant to the policy of automobile insurance issued by Defendant Travelers to Defendant Avon.  Contrary to Plaintiff's allegations, GELCO did not enter into an express or an implied contract with Plaintiff to provide her with liability and UM/UIM coverage. GELCO is not at this time aware of any interactions between GELCO representatives and Plaintiff.  For these reasons, Plaintiff's causes of action against GELCO fail.  GELCO incorporates herein the defenses set forth in its Answer.  GELCO further contends that 49 U.S.C. § 30106 et seq. governs this case.

<u>**DEFENDANT AVON'S CONTENTIONS:**</u>

Patricia Thomson began working for Defendant Avon in September of 2010 as a district sales manager. Upon hiring, Ms. Thompson opted to use one of Avon's company cars. Avon insured its company cars with Defendant Travelers.

On October 15, 2014 at around 9:30 p.m., Ms. Thompson was allegedly injured in an automobile accident in Santa Fe County on US Highway 84/285. According to Ms. Thompson, she was returning from a work meeting at the time of the accident. The police report states the company car sustained damage to its rear bumper and left rear quarter panel. Ms. Thompson complained to the Santa Fe County Sheriff's Deputy about upper body and shoulder pain. Ms. Thompson and her passenger were taken to the Espanola Hospital emergency room.

Ms. Thompson immediately went on FMLA leave after the accident. After her FMLA leave expired, she asked for and was granted several extensions for an unpaid reasonable accommodation leave of absence.

Ms. Thompson also filed a Workers' Compensation complaint on November 18, 2015. In her Workers' Compensation complaint, she claimed injury to her left shoulder, upper back and neck. In June of 2017, Ms. Thompson settled her Workers' Compensation claims with Avon for $125,000 and released Avon from any and all claims for medical benefits. As part of the settlement she also agreed to give up any wrongful termination or discrimination claims. The settlement also included a Medicare Set-Aside for $47,837 and the provision that all unpaid and authorized medical bills incurred through June 19, 2017 would be paid by Avon.

Additionally, Plaintiff alleges she received $25,000 from the other driver's insurance policy. Second Am. Compl. ¶ 12.

Plaintiff brings sundry causes of action against Defendant Avon predicated on a UIM/UM policy that she claims Avon promised to provide her. There was no express or implied contract to provide Ms. Thompson with UIM/UM coverage. Absent such a promise to provide UIM/UM coverage, all of Ms. Thompson's causes of action against Defendant Avon fail.

Moreover, even if there had been a UIM/UM plan in place at the time of the accident, the proceeds of the plan would have gone to reimburse Avon for its Workers' Compensation and related expenses. *See* Order Denying Motion to Dismiss. Doc. 52, pp. 6-7 (*citing Draper v. Mountain States Mut. Cas. Co*., 1994-NMSC-002, ¶ 10, 116 N.M. 775, 778).  Plaintiff would only have been entitled to the difference in the policy limits and Avon's reimbursement. *Draper*, ¶ 10. Given the amount of the Workers' Compensation settlement, the MSA, and related Workers' Compensation expenses, it is highly unlikely there would have been any benefits left over after Avon's reimbursement. Thus, Avon contends Plaintiff cannot prove damages from the alleged breach of contract and absent economic injury, she cannot make a case under tort. The other causes of action fail for similar reasons.  Avon states it acted in good-faith at all times and reasserts and reincorporates its defenses as stated in its Answer.

9

<u>**PROVISIONAL DISCOVERY PLAN**</u>

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

<u>**FACT WITNESSES**</u>

**PLAINTIFF'S WITNESSES:**

1. Plaintiff Patricia Thompson
   c/o Merit Bennett
   The Bennett Law Group
   460 St. Michael's Drive, Suite 703
   Santa Fe, New Mexico 87505
   Ph: 505-983-9834

   Ms. Thompson is expected to testify regarding Defendants' liability, her injuries and their effect on her life

2. Christine Zucconi
   c/o Merit Bennett
   The Bennett Law Group
   460 St. Michael's Drive, Suite 703
   Santa Fe, New Mexico 87505
   Ph: 505-983-9834

   Ms. Zucconi is Ms. Thompson's partner. She was also the front right passenger in the company car at the time of the automobile collision.  She is expected to testify regarding Defendants' liability and resulting damages suffered by Ms. Thompson.

3. Ruth Gomez
   Avon Divisional Sales Manager in Summer of 2012
   Yet to be identified

   Ms. Gomez is expected to testify regarding Defendants' liability.

4. Donald T. Smith
   SR 76 HSE 1821A
   Santa Cruz, New Mexico 87567
   Ph: 505-927-4483

   Mr. Smith was the tortfeasor in the motor vehicle collision which is the subject of this complaint.  Mr. Smith is expected to testify regarding the location of the collision, the parties involved in the collision, the statements provided by the parties involved and the damage to the vehicles involved in the collision.  Ms. Smith is also expected testify regarding his auto insurance coverage.  Mr. Smith is also expected to testify regarding the extent of his liability as well as regarding the liability of Defendants.

5. Mauricio R. Carrillo
   1574 Capulin Lane
   P.O. Box 852
   Chama, New Mexico 87520
   Ph: 575-209-1212

   Mr. Carrillo was a witness to the motor vehicle collision which is the subject of this complaint.  Mr. Carrillo is expected to testify regarding the collision, its force and the liability of Mr. Smith.

6. Deputy Clay Cullison
   Santa Fe County Sheriff's Office
   35 Camino Justicia
   Santa Fe, New Mexico 87508
   Ph: 505-986-2400

   Deputy Cullison investigated the motor vehicle collision and authored the police report.  Deputy Cullison will give expert opinions regarding his reconstruction of the accident and the extent of the forces applied to the vehicles and their occupants, as he has knowledge of and will testify regarding the location of the collision, the parties involved in the collision, the statements provided by the parties involved in the collision and the force of the impact and resulting damage to the vehicles involved in the collision.  Deputy Cullison also has knowledge of and will testify regarding his collision investigation, his assessment of force and liability and the citation issued to tortfeasor Mr. Smith.

7. Deputy Chris Zook
   Santa Fe County Sheriff's Office
   35 Camino Justicia
   Santa Fe, New Mexico 87508
   Ph: 505-986-2400

   Deputy Zook investigated the motor vehicle collision will give expert opinions regarding his reconstruction of the accident and the extent of the forces applied to the vehicles and their occupants, as he has knowledge of and will testify regarding the location of the

collision, the parties involved in the collision, the statements provided by the parties involved in the collision and the force of the impact and resulting damage to the vehicles involved in the collision.  Deputy Zook also has knowledge of and will testify regarding his collision investigation, his assessment of force and liability and the citation issued to tortfeasor Mr. Smith.

8. Sergeant Mike Martinez
   Santa Fe County Sheriff's Office
   35 Camino Justicia
   Santa Fe, New Mexico 87508
   Ph: 505-986-2400

   Sergeant Martinez was the supervisor on the scene of the motor vehicle collision which is the subject of this complaint.  Sergeant Martinez will give expert opinions regarding the reconstruction of the accident and the extent of the forces applied to the vehicles and their occupants, as he has knowledge of and will testify regarding the location of the collision, the parties involved in the collision, the statements provided by the parties involved in the collision and the force of the impact and resulting damage to the vehicles involved in the collision.  Sergeant Martinez also has knowledge of and will testify regarding the collision investigation, his assessment of force and liability and the citation issued to tortfeasor Mr. Smith.

9. Michael Baten, MD
   Neurological Associates
   531 Harkle Road, Suite C
   Santa Fe, New Mexico 87505
   Ph: 505-983-8182

   Dr. Baten has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of his charges.  Dr. Baten will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Dr. Baten's opinions.  Plaintiff's medical records contain details regarding the substance of his knowledge and facts and grounds supporting his opinions.

10. Attending Staff and/or Records Custodian
    Christus St. Vincent Hospital
    455 St. Michael's Drive
    Santa Fe, New Mexico 87505

    The attending staff and/or Records Custodian of Christus St. Vincent Hospital are expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness Christus St. Vincent Hospital's charges.  Plaintiff's medical records contain details regarding the substance of her knowledge and facts and grounds supporting Christus St. Vincent Hospital's providers' opinions.

11. Concentra
    720 St. Michael's Drive, Suite C
    Santa Fe, New Mexico 87505
    Ph: 505-438-9402

    The attending staff and/or Records Custodian of Christus St. Vincent Hospital are expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness Christus St. Vincent Hospital's charges. Plaintiff's medical records contain details regarding the substance of her knowledge and facts and grounds supporting Christus St. Vincent Hospital's providers' opinions.

12. Brant Bair, MD
    Christus St. Vincent Orthopaedics of NM
    2100 Calle de la Vuelta
    Santa Fe, New Mexico 87505
    Ph: 505-982-5014

    Dr. Bair has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of his charges. Dr. Bair will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Dr. Bair's opinions. Plaintiff's medical records contain details regarding the substance of his knowledge and facts and grounds supporting his opinions.

13. Theresa M. Genovese-Elliott, MD
    CSV Spine and Pain Institute Santa Fe
    435 Saint Michael's Drive, Suite A-202
    Santa Fe, New Mexico 87505
    Ph: 505-983-5200

    Dr. Genovese-Elliott has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of her charges. Dr. Genovese-Elliott will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Dr. Genovese-Elliott's opinions. Plaintiff's medical records contain details regarding the substance of her knowledge and facts and grounds supporting his opinions.

14. Jean Jebb-Tracy, CCC/SLP
    Espanola Sports Medicine
    706 La Joya St # D,
    Espanola, New Mexico 87532
    Ph: 505-753-6550

    Therapist Jebb-Tracy has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of her charges. Therapist Jebb-Tracy will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Therapist Jebb-Tracy's

opinions. Plaintiff's medical records contain details regarding the substance of her knowledge and facts and grounds supporting his opinions.

15. Carlos J. Esparza, M.D.
    3846 Masthead Street
    Albuquerque, New Mexico 87109
    Ph: 505-242-1711

    Dr. Esperanza has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of his charges. Dr. Esperanza will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Dr. Esperanza's opinions. Plaintiff's medical records contain details regarding the substance of his knowledge and facts and grounds supporting his opinions.

16. Tomas Granados, PhD
    Psychologist
    7801 Academy Road NE
    Albuquerque, New Mexico 87109
    Ph: 505-797-0810

    Dr. Granados has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of his charges. Dr. Granados will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Dr. Granados' opinions. Plaintiff's medical records contain details regarding the substance of his knowledge and facts and grounds supporting his opinions.

17. Manuel Guillen, MD
    Christus St Vincent Regional Medical Center Psychiatry
    440 Saint Michael's Drive, Suite 250
    Santa Fe, NM 87505
    Ph: 505-913-3056

    Dr. Guillen has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of his charges. Dr. Guillen will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Dr. Guillen's opinions. Plaintiff's medical records contain details regarding the substance of his knowledge and facts and grounds supporting his opinions.

18. Guruchander Khalsa, DC
    GRD Health Center
    1505 Llano Street
    Santa Fe, New Mexico 87505
    Ph: 505-982-6369

Dr. Khalsa has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of his charges.  Dr. Khalsa will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Dr. Khalsa's opinions.   Plaintiff's medical records contain details regarding the substance of his knowledge and facts and grounds supporting his opinions.

19. Attending Staff and/or Records Custodian
    Lovelace Women's Hospital
    4701 Montgomery Blvd NE
    Albuquerque, New Mexico 87109

The attending staff and/or Records Custodian of Lovelace Women's Hospital are expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness Lovelace Women's Hospital Clinic's charges. Plaintiff's medical records contain details regarding the substance of her knowledge and facts and grounds supporting Lovelace Women's Hospital's providers' opinions.

20. Gabriela U. Munoz, PhD
    Mountain Vista Wellness Associates
    126 East San Mateo Road
    Santa Fe, New Mexico 87505
    Ph: 505-989-8041

Dr. Munoz has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of her charges.  Dr. Munoz will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Dr. Munoz's opinions.   Plaintiff's medical records contain details regarding the substance of her knowledge and facts and grounds supporting his opinions.

21. Karen Connaughton, MD
    Presbyterian-Espanola Hospital
    1010 Spruce Street
    Espanola, New Mexico 87532

Dr. Connaughton has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of her charges.  Dr. Connaughton will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Dr. Connaughton's opinions. Plaintiff's medical records contain details regarding the substance of her knowledge and facts and grounds supporting his opinions.

22. The Attending staff and/or Records Custodian
    Presbyterian-Espanola Hospital Physical Therapy Clinic
    1010 Spruce Street
    Espanola, New Mexico 87532

The attending staff and/or Records Custodian of Presbyterian-Espanola Hospital Physical Therapy Clinic are expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness Presbyterian-Espanola Hospital Physical Therapy Clinic's charges. Plaintiff's medical records contain details regarding the substance of her knowledge and facts and grounds supporting Presbyterian-Espanola Hospital Physical Therapy Clinic's providers' opinions.

23. James Montesinos, MD
    Radiology Associates of Albuquerque
    Post Office Box 91150
    Albuquerque, New Mexico 87199

    Dr. Montesinos has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of his charges. Dr. Montesinos will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Dr. Montesinos's opinions. Plaintiff's medical records contain details regarding the substance of his knowledge and facts and grounds supporting his opinions.

24. Daniel Meyer, EMT
    Santa Fe County Fire Department
    #35 Camino Justicia
    Santa Fe, New Mexico 87508
    Ph: 505-992-3070

    Dr. Meyer has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of his charges. Dr. Meyer will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Dr. Meyer's opinions. Plaintiff's medical records contain details regarding the substance of his knowledge and facts and grounds supporting his opinions.

25. Kathryn Miller, MD
    X-Ray Associates of New Mexico
    490-A West Zia Road, Suite 101
    Santa Fe, New Mexico
    Ph: 505-983-9139

    Dr. Miller has knowledge of and is expected to testify concerning the following opinions: Plaintiff's diagnosis, treatment and prognosis and the reasonableness of her charges. Dr. Miller will also provide rebuttal opinions regarding any allegations and opinions of Defendant's experts, consistent with Dr. Miller's opinions. Plaintiff's medical records contain details regarding the substance of her knowledge and facts and grounds supporting his opinions.

26. Any witnesses identified by Defendants or identified by Plaintiffs, during the course of discovery or through further investigation.

16

27. Rebuttal witnesses, if necessary.

   **DEFENDANT TRAVELERS' WITNESSES**:

1.  Travelers – Records Custodian
    c/o Jennifer Noya
    MODRALL SPERLING LAW FIRM
    P.O. Box 2168
    Albuquerque, NM  87103
    (505) 848.1881

The records custodian will authenticate the policy materials.

2.  Avon Representative(s)
    c/o Sabrina Rodriguez Salvato
    BRENNAN & SULLIVAN
    128 East DeVargas
    Santa Fe, NM 87501
    (505) 995-8514
    Sabrina@brennsull.com

    Representative(s) from Avon may have information regarding interactions with Travelers
    and their execution of the UM selection form rejecting UM coverage.

3.  Plaintiff Patricia Thompson
    c/o Merit Bennett, Esq.
    THE BENNETT LAW GROUP
    460 St. Michael's Drive, Ste. 703
    Santa Fe, NM 87505
    (505) 983-9834
    mb@thebennettlawgroup.com

    Ms. Thompson is expected to testify as to the allegations in her Complaint, claims,
    alleged damages, and all other areas necessary for the defense of this case.

4.  GELCO Representative
    Dan A. Akenhead, Esq.
    MILLER STRATVERT, P.A.
    P.O. Box 25687
    Albuquerque, NM 87125-0687
    (505) 842-1940
    dakenhead@mstlaw.com

    Representative(s) from GELCO may have information regarding defenses to Plaintiff's
    claims in this case.

5. Any individual(s) who may submit an affidavit in this matter.

6. Any witnesses necessary for the authentication of documents.

7. Any witnesses needed for impeachment, foundation, or rebuttal.

8. Any witnesses identified by any party to this lawsuit.

Defendant Travelers reserves its right to supplement this list.

**DEFENDANT GELCO'S WITNESSES:**

1. Plaintiff Patricia Thompson
   c/o Merit Bennett
   The Bennett Law Group
   460 St. Michael's Drive, Suite 703
   Santa Fe, New Mexico 87505
   Phone: 505-983-9834

   Ms. Thompson is the Plaintiff in this case. She has information and knowledge about the allegations contained in her Complaint, including all amended Complaints. Plaintiff may be called to testify about same.

2. Plaintiff's medical providers, including but not limited to the following providers:

   a. Unidentified EMTs who responded to the automobile accident.

   b. Karen Connaughton, MD
      Presbyterian Hospital
      101 Spruce St.
      Espanola, NM 87532
      (505) 753-7111

   c. Guruchander Khalsa, D.C. GRD Health Clinic, Inc.
      1505 Llano St.
      Santa Fe, NM 87505
      (505) 984-3034

   d. Michael Baten, M.D.
      Neurological Associates
      531 Harkel Rd.
      Santa Fe, NM 87505
      (505) 983-8182

e.       Manuel A. Guillen, M.D.
         Psychiatrist
         2025 Galisteo St.
         Santa Fe, NM 87505
         (505) 995-4901

f.       Jean Jebb-Tracy, CCC/SLP
         Christus St. Vincent Sports Medicine Program
         440 St. Michael's Drive
         Santa Fe, NM 87505
         (505) 913-5100

g.       Theresa Genovese-Elliott, MD.
         Spine & Pain Institute of Santa Fe, LLC
         P.O. Box 6140
         Santa Fe, NM 87502-6140
         (505) 983-5200

h.       Gabriela U. Muñoz, Ph.D.
         Clinical Psychologist
         Mountain Vista Wellness Associates
         126 East San Mateo Road
         Santa Fe, NM 87505
         (505) 989-8041

i.       Tomas R. Granados, Psy. D.
         Licensed Psychologist
         P.O. Box 93874
         Albuquerque, NM 87199
         (505) 797-0810

j.       Christopher P. Patton, D.O.
         New Mexico Orthopaedics
         201 Cedar SE, Suite 6600
         Albuquerque, NM 87106
         (505) 724-4300

All of Plaintiff's medical providers listed above have knowledge and information about the nature, extent, and duration of Plaintiff's claimed injuries and damages.  They may be called to testify about same.

3.   Other medical providers as identified through continued investigation and  discovery;

4.   GELCO representatives with any knowledge of the allegations in Plaintiff's Complaint, including any amended Complaints.
     (Names/Contact Information Unknown)

19

Plaintiff claims to have interacted with GELCO representatives; however, GELCO is not at this time aware of any interactions with Plaintiff.  GELCO may call any GELCO representatives with any knowledge of the allegations in Plaintiff's Complaint to testify about same.

5. Avon representatives with knowledge of the Master Lease Agreement between GELCO and Avon.
(Names/Contact Information Unknown)

Avon representatives with knowledge of the Master Lease Agreement between GELCO and Avon will likely have knowledge and information about the nature of the lease arrangement between the parties.  Those representatives may be called to testify about same.

6. Travelers representatives with any knowledge of Plaintiff's allegations against GELCO.
(Names/Contact Information Unknown)

To the extent Travelers' representatives have any knowledge and information about Plaintiff's allegations against GELCO, those representatives may be called to testify about same.

7. Any of Plaintiff's additional medical providers identified in discovery.

8. Any individual identified in Plaintiff's Complaint, including all amended Complaints.

9. Any individual identified as a Rule 30(b)(6) witness for any party.

10. Any witness identified in discovery.

11. Any witness identified by any other party to this case.

12. Any witness necessary for rebuttal.

13. Any witness necessary for authentication.

14. Any witness necessary for impeachment.

15. Any expert witness identified by any party.

**DEFENDANT AVON'S WITNESSES:**

1. Plaintiff Patricia Thompson
   c/o Merit Bennett
   The Bennett Law Group
   460 St. Michael's Drive, Ste. 703
   Santa Fe, NM  87505
   505-983-9834

   Ms. Thompson is expected to testify as to the allegations in her Complaint, claims, alleged damages, and all other areas necessary for the defense of this case.

2. Christine Zucconi
   810 Mountain View Rd.
   Espanola, NM 87532
   (505) 901-1306

   Ms. Zucconi is Ms. Thompson's partner. She was also a passenger in the company car at the time of the automobile accident. She is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

3. Ruth Gomez
   Avon Divisional Sales Manager in Summer of 2012
   Contact information not currently known

   Ms. Gomez is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

4. Donald T. Smith
   SR 76 HSE 1821A
   Santa Cruz, NM 87567
   (505) 927-4483

   Mr. Smith was driving the vehicle that hit the car Plaintiff was driving. He is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

5. Debbie Pena
   55 CR 88C
   Espanola, NM 87532
   (505) 927-4438

   Ms. Pena is believed to own the vehicle Mr. Smith was driving at the time of the automobile accident. She is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

6.  Mauricio R. Carrillo
    1574 Capulin Ln. P.O. Box 852
    Chama, NM 87520
    (575) 209-1212

    Mr. Carrillo was a witness to the automobile accident. He is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

7.  Deputy Clay Cullison
    Santa Fe County Sheriff's Office
    35 Camino Justicia
    Santa Fe, NM 87508
    (505) 986-2400

    Deputy Cullison investigated the automobile accident and wrote the uniform crash report. He is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

8.  Deputy Chris Zook
    Santa Fe County Sheriff's Office
    35 Camino Justicia
    Santa Fe, NM 87508
    (505) 986-2400

    Deputy Zook took the measurements of the automobile accident. He is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

9.  Sergeant Mike Martinez
    Santa Fe County Sheriff's Office
    35 Camino Justicia
    Santa Fe, NM 87508
    (505) 986-2400

    Sergeant Martinez was the supervisor on seen of the automobile accident. He is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

10. Unidentified EMTs who responded to the automobile accident. They are expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

11. Karen Connaughton, MD
    Presbyterian Hospital
    101 Spruce St.
    Espanola, NM 87532
    (505) 753-7111

    Dr. Connaughton treated Plaintiff after she was transported to the hospital by the EMTs. They are expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case. Other medical providers at Presbyterian Hospital may also be called to testify.

12. Guruchander Khalsa, D.C. GRD Health Clinic, Inc.
    1505 Llano St.
    Santa Fe, NM 87505
    (505) 984-3034

    Dr. Khalsa treated Plaintiff after the automobile accident. He is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

13. Michael Baten, M.D.
    Neurological Associates
    531 Harkel Rd.
    Santa Fe, NM 87505
    (505) 983-8182

    Dr. Baten treated Plaintiff after the automobile accident. He is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

14. Manuel A. Guillen, M.D.
    Psychiatrist
    2025 Galisteo St.
    Santa Fe, NM 87505
    (505) 995-4901

    Dr. Guillen treated Plaintiff after the automobile accident. He is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

15. Jean Jebb-Tracy, CCC/SLP
    Christus St. Vincent Sports Medicine Program
    440 St. Michael's Drive
    Santa Fe, NM 87505
    (505) 913-5100

Ms. Jebb-Tracy treated Plaintiff after the automobile accident. She is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

16. Theresa Genovese-Elliott, MD.
    Spine & Pain Institute of Santa Fe, LLC
    P.O. Box 6140
    Santa Fe, NM 87502-6140
    (505) 983-5200

    Dr. Genovese-Elliot treated Plaintiff after the automobile accident. She is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

17. Gabriela U. Muñoz, Ph.D.
    Clinical Psychologist
    Mountain Vista Wellness Associates
    126 East San Mateo Road
    Santa Fe, NM 87505
    (505) 989-8041

    Dr. Muñoz treated Plaintiff after the automobile accident. She is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, and all other areas necessary for the defense of this case.

18. Tomas R. Granados, Psy. D.
    Licensed Psychologist
    P.O. Box 93874
    Albuquerque, NM 87199
    (505) 797-0810

    Dr. Granados performed an Independent Neuropsychological Examination on Plaintiff for her Workers' Compensation claim. He is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, alleged damages, and all other areas necessary for the defense of this case.

19. Christopher P. Patton, D.O.
    New Mexico Orthopaedics
    201 Cedar SE, Suite 6600
    Albuquerque, NM 87106
    (505) 724-4300

    Dr. Patton performed an Independent Medical Examination on Plaintiff for her Workers' Compensation claim. He is expected to testify as to the allegations in the Complaint, Ms. Thompsons's claims, and all other areas necessary for the defense of this case.

20. Other medical providers as identified through continued investigation and discovery;

21. Individuals identified in Plaintiff's Complaint;

22. Individuals identified in Plaintiff's Workers' Compensation files;

23. Individuals identified as Rule 30(b)(6) witnesses for any party;

24. Any witnesses identified by any party to this lawsuit;

25. Such records custodians as may be necessary;

26. Witnesses necessary for impeachment, foundation, or rebuttal;

27. Any witness identified in discovery; and

28. Any expert witness identified by any party.

**<u>EXHIBITS</u>**

**PLAINTIFF'S EXHIBITS:**

1. Santa Fe County Sheriff's Office Uniform Crash Report.

2. All property damage photos.

3. All documentation of property damage reimbursement.

4. Summary of damages with all corresponding receipts and/or bills.

5. All necessary medical records.

6. Defendants' respective insurance policies.

7. Plaintiff's employment agreement.

8. All documentation referring or relating to Avon's vehicle.

9. Reports produced by experts and all corresponding documents referenced or relied upon, if any.

10. Any other exhibit identified by Defendants or by Plaintiff, whose necessity for use by the Plaintiff may be determined during the course of discovery or through further investigation.

11. Demonstrative and/or rebuttal exhibits, if necessary.

**DEFENDANT TRAVELERS' EXHIBITS:**

1. The applicable Travelers Policy and attachments

2. Any document which is relevant to the Plaintiff's causes of action and/or any defenses to those causes of action.

3. Documents identified through discovery processes.

4. Rebuttal documents as needed.

5. Any document identified by any other party.

    Travelers reserves the right to supplement this list.

**DEFENDANT GELCO'S EXHIBITS:**

1. Master Lease Agreement between GELCO and Avon;

2. Any other agreements between GELCO and Avon identified through additional discovery;

3. Correspondence between GELCO and Avon, if any, relevant to the leasing arrangement;

4. Avon's automobile policies and/or guidelines;

5. Insurance policies in effect during the relevant time periods;

6. UM/UIM coverage rejection documents;

7. Uniform accident report No. 23371319/Case No. 0214016578;

8. Plaintiff's personnel file from Avon;

9. Plaintiff's medical and billing records;

10. Plaintiff's workers' compensation file, including settlement documents;

11. Plaintiff's medical records;

12. Any exhibits listed by any other party; and

13. Any exhibit identified through additional discovery.

**DEFENDANT AVON'S EXHIBITS:**

1. Uniform Accident Report No. 23371319/Case No. 0214016578;

2. Insurance policies in effect during the relevant time periods;

3. Uninsured Motorist Coverage Rejection documents;

4. Plaintiff's personnel file;

5. Plaintiff's Workers' Compensation file;

6. Workers' Compensation Settlement;

7. Plaintiff's Medical and Mental Health Records;

8. Avon's Automobile Policies and/or Guidelines;

9. Any exhibits listed by other parties; and

10. Any exhibit identified through discovery.

## EXPERT WITNESSES

**PLAINTIFF'S EXPERT WITNESSES:**

**DEFENDANT TRAVELERS' EXPERT WITNESSES**: Defendant Travelers has not retained a testifying expert but reserves the right to identify one per the Court's Scheduling Order.

**DEFENDANT GELCO'S EXPERT WITNESSES:**

Defendant GELCO has not yet retained any testifying experts in this matter but reserves the right to do so in accordance with the Court's Scheduling Order.

**DEFENDANT AVON'S EXPERT WITNESSES**: Defendant Avon has not retained a testifying expert but reserves the right to identify one per the Court's Scheduling Order. Defendant Avon anticipated identifying a UM/UIM coverage expert, a Workers' Compensation Expert and/or other expert(s) necessary to the defense of this matter.

**<u>DISCOVERY</u>**

Discovery will be needed on the following subjects:  *(Brief description of subjects on which discovery will be needed.)*Plaintiff's theories of recovery and damages and Defendants' defenses

Maximum of 25 interrogatories by each party to any other party.  (Responses due <u>30</u> days after service).

Maximum of 25 requests for admission by each party to any other party.  (Response due <u>30</u> days after service).

Maximum of 25 requests for production by each party to any other party. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and <u>10</u> by Defendant(s).

Each deposition is limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by December 11, 2017.

from Defendant(s) by January 25, 2017.

Supplementation under Rule 26(e) due in accordance with the Federal Rules of Civil Procedure.

All discovery commenced in time to be complete by March 9, 2018.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)* Plaintiff and Defendant Avon agree to conduct limited discovery necessary to attend an early mediation. (*See* "Settlement" below).  Plaintiff has served her First Set of Interrogatories and First Requests for Production on Defendant Avon. Plaintiff grants Defendant Avon an

extension of time to answer and respond to her initial discovery requests. Defendant Avon will have thirty-days after efforts at negotiating an early settlement have come to an impasse.

## PRETRIAL MOTIONS

Plaintiff intends to file: Nothing at this time.

Defendant Travelers intends to file:  Defendant Travelers intends to file a Motion for Summary Judgment on all of Plaintiff's claims.  Defendant Travelers may also file necessary discovery motions and motions in limine.

Defendant GELCO intends to file:  Motions for judgment on the pleadings, motions for summary judgment, discovery motions, and motions in limine in advance of trial.

Defendant Avon intends to file:  Motions for judgment on the pleadings, motions for summary judgment, and necessary discovery motions and motions in limine.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 5 days.

_____ This is a non-jury case.

\_\_X\_\_ This is a jury case.

The parties request a pretrial conference 30 days prior to trial.

## SETTLEMENT

The possibility of settlement in this case is considered low as to Travelers, since this is clear cut coverage issue that should be disposed of as a matter of law.  Given this, Defendant Travelers does not believe early mediation would be productive.  The possibility of settlement in this case is also considered low as to GELCO for the reasons set forth under the "Contentions" section of this report.

As to the other parties, Plaintiff and Defendant Avon agree that an early mediation with a private mediator may resolve the disputes between the parties and are working to identify a mutually agreeable mediator and date.

No other settlement conference is requested at this time.

<u>**EXCEPTIONS**</u>

APPROVED WITHOUT EXCEPTIONS

*Approved by Merit Bennett – 10/3/17*
For Plaintiff

*/s/ Anna E. Indahl*
For Defendant Travelers

*Approved by Dan Akenhead – 10/3/17*
For Defendant GELCO

*Approved by Sabrina Rodriguez Salvato – 10/3/17*
For Defendant Avon

*W3053051.DOC*